## HAMILTON *v.* CONNECTICUT FIRE INS. CO.

*(Circuit Court, S. D. Ohio, W. D. April 15, 1891.)*

INSURANCE—PROOF OF LOSS—APPRAISEMENT—DEMAND.

A policy of insurance issued by defendant to plaintiff provided that any loss should be appraised as prescribed by the policy, and that the report of the appraisers should form part of the proof required by the policy. The proof of loss furnished the company did not contain such a report of appraisement, but the letter accompanying the proof stated that, if there were any defects in the substance or form of the proof, plaintiff, upon being advised thereof, would perfect the same. No objection was made at any time to the form or substance. Several other companies, some of which were not entitled to demand such an appraisement, had policies on the same property; and in the course of a correspondence carried on by

them and defendant jointly on the one side and plaintiff on the other, in which they disputed the amount of the loss, they demanded a submission to arbitration on conditions which were refused by plaintiff. They then, by joint letter, stated that, if the form of submission proposed by them contained any provisions not prescribed by the policies, each company would submit its own form. There was no further correspondence betwen them jointly, or between defendant and plaintiff, on the subject. *Held*, that the joint demand could not take the place of a separate demand, and defendant had therefore waived its right to have such appraisement made part of its proof of loss.

At Law.

*Kittredge & Wilby*, for plaintiff.

*Thos. A. Logan*, for defendant.

SAGE, J., (*orally charging jury*.) This action is upon a policy of insurance issued to Robert Hamilton, the plaintiff, by the Connecticut Fire Insurance Company of Hartford, the defendant.

The execution of the policy of insurance is admitted, and its delivery to the plaintiff. It is also admitted that the plaintiff paid the premium thereon; that the policy was in force at the time of the fire, and that the loss and damage were within its terms; that the plaintiff was the owner of the property described in the petition, consisting largely of tobacco situated in the factory of the plaintiff on Madison street, Covington, Ky.; and that the fire occurred on the 16th of April, 1886.

From the evidence for the plaintiff, it appears that on the 26th of April, 1886, he furnished to the defendant proofs of loss under the policy in suit, with a letter of that date, stating that, if there was any defect in the substance or the form of the proofs, he would, upon being advised thereof, perfect the same to the satisfaction of the company, requesting in that event the return of the proofs to him for that purpose.

On the 27th of April, 1886, the receipt of the proofs was acknowledged by defendant's agent. No objection was made at any time to their form or substance.

The policy provides that the loss or damage to the property insured shall be appraised by disinterested and competent persons selected in the manner prescribed in the policy, and that the report of such appraisers in writing, under oath, shall form part of the proof required by the policy.

The proof of loss furnished the company, and put in evidence by the plaintiff, did not contain such a report, nor any report of appraisement whatever. Indeed, no such appraisement had then been made. But, as I have said, the defendant made no objection to the proofs as rendered, either at the time, or in any part of the correspondence which ensued, nor did the defendant intimate to the plaintiff, at any time or in any way, that it objected to the proofs that they did not contain or have attached thereto such an appraisement.

The damage to Mr. Hamilton's stock, consisting largely of tobacco, was chiefly by smoke.

There began on April 28, 1886, a joint correspondence relative to the loss in question, in which some 12 insurance companies were interested as having policies of insurance covering the property claimed to have

been damaged. The first letter of this correspondence, in and throughout which the several insurance companies acted jointly, jointly addressed, and were addressed by, Mr. Hamilton, was addressed to Robert Hamilton, under date April 28, 1886; and the last letter was addressed to E. W. Kittredge, by J. M. De Camp, general agent, under date of May 7, 1886. Mr. Kittredge, as appears by stipulation in evidence, was the representative of Mr. Hamilton.

It also appears that there was a dispute between the insurance companies and Mr. Hamilton, who claimed a loss of $30,000 upon the entire property, the value of which, before the fire, he estimated at $40,000, his claim being that it was damaged largely by smoke. The companies, on the other hand, insisted that the damage was much less than as claimed by Mr. Hamilton. It was out of that difference that the correspondence and the subsequent litigation grew, as well as upon the questions which have arisen upon these policies.

The dispute as to the amount of the loss or damage having arisen, the clause of the policy to which I have referred came into active consideration. Now, there is a rule of law that while it is the duty of the assured to furnish proofs of loss,—which is another form of expression for a formal statement in detail and in writing of the loss, and of the circumstances and particulars thereof, in accordance with the terms and requirements of the policy,—if there be any defect in the form or particulars of the proofs it must be objected to seasonably by the insurance companies, or it will be held to have been waived.

As I have stated, the plaintiff did not make an appraisement of the value of the goods, and present it as part of his proof, but there was no objection to the proofs upon that ground in the defendant's letter acknowledging their receipt. It was merely an acknowledgment, with the statement that it would be sent forward to the proper authorities; that is, as I understand it, to the home office. Then commenced the joint correspondence, beginning with the letter of the 28th of April, 1886, signed by the agents or representatives of each of the 12 companies which held policies of insurance upon Mr. Hamilton's stock.

That was, in its terms, a joint letter. The companies jointly excepted to the amount of the claim made, and demanded that the question of the amount of the loss should be submitted to competent and disinterested persons, chosen as provided for in the several policies of insurance, and they announced their readiness to proceed at once with this appraisement. The demand was unmistakably for a single appraisement, not for separate appraisements under the several policies, but one appraisement which was to estimate the entire loss, and to be used in settlement of each and all of the policies. There is an express reservation of all the rights of the several companies, under the terms of their respective policies, in this letter of April 28th, and a request that the reply shall be addressed in the care of the London, Liverpool & Globe Insurance Company, corner of Third and Main streets, which is one of the companies. In answer to that letter came a letter from Mr. Kittredge, as the counsel for Mr. Hamilton, and that was followed by several letters, in each of which there is refer-

ence to a single appraisement; the whole constituting a negotiation with reference to such an appraisement and arbitration.

The final result was a disagreement between the parties, Mr. Hamilton insisting upon certain conditions which the companies refused to accede to; the companies, on their part, upon certain conditions which Mr. Hamilton refused to accede to. On the 5th of May the companies, in a letter signed on their behalf by the Liverpool, London & Globe Insurance Company, stated that they felt bound to accept Mr. Hamilton's communication of the day before as a refusal to comply with their request, and with the conditions of the policies of insurance. The final letter, addressed to Mr. Kittredge under date of May 7, 1886, and signed by J. M. De Camp, general agent, states that, if the form of submission to appraisers (which the companies had submitted to Mr. Hamilton on May 3d) contained any provisions or conditions limiting or defining the duties of the appraisers, and not prescribed by the policies, each company would submit its own form, "as we desire and demand a submission free from any conditions imposed by either party." There was no answer to this letter. Mr. Hamilton had, in his letter of May 3d, definitely and clearly declined the arbitration proposed, so that there could be no mistake as to his position with regard to it.

In the case on trial, for the first time in the progress of this litigation, the plea is made by Mr. Hamilton that there was no separate demand for an appraisal or arbitration, but only a joint demand by all the companies.

In the *Liverpool, London & Globe Ins. Co. Case*, 136 U. S. 242, 10 Sup. Ct. Rep. 945, there was a demand by the company for an arbitration, which Mr. Hamilton refused. It was made the day after the close of the joint correspondence. In *Home Ins. Co. Case*, 137 U. S. 370, 11 Sup. Ct. Rep. 133, there was a denial that there had been any demand for appraisement or arbitration, but the correspondence between the companies and Mr. Hamilton seems to have gone unchallenged. Certainly there is nothing in the argument of Mr. Richards, which is abstracted in the report of the case, nor in the opinion of the court, referring to any controversy on that subject. It is not referred to as a matter in dispute. It seems to have been tacitly conceded that the joint correspondence would sustain the averment that the defendant requested that the amount of loss or damage be submitted to appraisers. Now, for the first time in the history of this litigation, as I have said, the plaintiff makes the point that there was not a demand for an appraisement according to the terms of the policy in suit, nor any other demand than the joint demand for an appraisement and arbitration, which would apply to all of the policies.

My opinion is that such a demand cannot be made to serve the purpose of a demand under each of the policies. It was a demand that Mr. Hamilton submit to an appraisement and an arbitration, which should be conducted on behalf of the twelve companies collectively. One or two of them—the Fireman's especially—were certainly not entitled to make such a demand. The Home Insurance Company was not entitled

to make separately any such demand, and to insist upon a refusal to comply therewith as a bar to an action on its policy.    That is what the supreme court decided in the case reported in 137 U. S. and 11 Sup. Ct. Rep., above referred to.    It is clear to my mind that the joint correspondence is not sufficient to overcome the denial made in the amended reply.    It does not sustain the allegation of the answer that the defendant, the Connecticut Insurance Company, demanded an appraisement or arbitration in accordance with the terms of its policy; and it is not claimed that that company made any separate demand, or had any separate correspondence, with Mr. Hamilton, excepting the receipt of the proofs of loss, and the letter acknowledging the same.    It is also clear to my mind that there is nothing in the joint correspondence which amounts to a waiver by Mr. Hamilton of separate demands by the several companies.    It may be observed right here that the defendant (and it has been stated by counsel that each of the various companies) granted to Hamilton permission to effect other insurance, and, as he held 12 policies, the companies may have thought that a joint appraisement and arbitration was the only one practicable; and Mr. Hamilton may have so thought, but negotiations for such an appraisement and arbitration were not within the stipulations of any of the several policies, nor did they operate as a waiver of any rights of either party; and, when those negotiations failed, the parties were left as they were when the negotiations began.    It is to be remembered, also, that the companies, in the course of the joint correspondence, explicitly declared that they waived none of their rights, and that they proposed to stand upon the conditions of their policies.    There is not a syllable in Mr. Hamilton's part of the correspondence indicating any waiver on his part, excepting on the conditions proposed by him, and rejected by the company, and the rejection was the end of the matter.

Now, gentlemen of the jury, the law being that, if there is a formal defect in the proofs of loss to which no exception is taken by the insurance company, that defect is waived, and upon this testimony it being clear to me that there was no such demand on behalf of this company, and that the joint demand cannot be regarded as evidence of a separate demand, or as a substitute therefor, the only course left to me is to instruct you, as I do, to return a verdict for the plaintiff for the amount claimed, with interest to the first day of this term of court, there being no question as to the amount, if it be found that the defendant is liable.